**Federal Defenders**
OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and*
*Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

September 25, 2023

By ECF and Email
The Honorable Nina R. Morrison
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Tyler Johnston, 23-cr-13 (NRM)

Dear Judge Morrison:

  I write in response to the government's bond modification motion of September 15, 2023, requesting that (1) Mr. Johnston be permitted to relocate to Oklahoma or Arkansas, as originally proposed by the defense, and (2) that he be precluded from visiting or residing on his family's farm. The defense is in agreement with the first proposal, and has no objection to Mr. Johnston temporarily being precluded from residing on or visiting the family farm, to allow time for the parties and Pretrial Services to gather better information relating to the GPS conditions in the area in order to provide the Court more accurate information relating to Pretrial's monitoring capabilities at the farm.

  During argument on the defense bond modification request at the September 13, 2023 conference, U.S. Pretrial Services raised concerns that GPS would not be "the most reliable in" the rural Oklahoma area where the farm is located, which, they opined, could make it "difficult for them to pinpoint exactly where he was." Transcript of September 13 Hearing (hereinafter "Tr.") at 32. Pretrial was "not sure specifically" how pretrial officers in Oklahoma handled any GPS problems in the district. *Id.* The government stated that it believed that "GPS is unreliable throughout that area" because when government counsel had been driving in the area their "cell phone communication" had cut in and out. Tr. 34.[1] The government's September 15 motion similarly states that the "GPS signal in the area *was generally unreliable*." Gov't Mot. at 5.

---

[1] GPS, however, does not use the same network as cell phones, but relies on satellites. *See, e.g.,* The Global Positioning System, https://www.gps.gov/systems/gps/. GPS–unlike cell tower signals–is generally even more reliable in wide open spaces and rural areas. *See, e.g.*, https://www.gps.gov/applications/agriculture/; https://www.agmonitoring.com/blog/industry-news/gps-vs-cellular-locating-technology; *See also Michael Cherry et al*., Cell Tower Junk Science, 95 Judicature 151 (2012) (describing why the Federal Communications Commission changed its 911 regulations from determining location based on cell site data to using GPS data as GPS data was much more accurate).

Whereas Pretrial's home assessment states that the "GPS signal *is not very reliable*." Gov't Mot., Ex. A.

The defense argued that even if there were "moments that the GPS signal is lost," these would not be significant enough to cause concern, as Mr. Johnston would be prohibited from crossing the road leading to the main farmhouse and farm, and had a perfect record of compliance under similar conditions at the Army base. Tr. 36.

The court added that it would request a "report from pretrial after the Oklahoma officials have assessed the perimeter" around Mr. Johnston's new residence and suggested that the parties could "work together on an agreed zone so that everyone knows the ground rules as to where he can go." Tr. 39. The court added that, in any event, Mr. Johnston was prohibited from "crossing the road to the chicken house and the main residence," and that Pretrial in the area should let the court know if additional rules were necessary. Tr. 39.

Because the concerns raised by Pretrial and the government are largely speculative, the Court should direct Pretrial, as initially requested on September 13, to prepare a more detailed report regarding GPS monitoring capabilities in the area and any additional proposed measures so that the Court has accurate information in connection with any future application by Mr. Johnston to visit the family farm or reside in the farm's worker house. In the interim, Mr. Johnston joins in the government's request that he be permitted to reside in Oklahoma or Arkansas, and does not object to the government's request to preclude him from residing on or visiting the family farm, with leave to submit additional information related to the preclusion when it is available and to revisit this preclusion.

Finally, Mr. Johnston would request a temporary bond modification permitting him to reside in Texas. Since September 19 he has been staying at a hotel in New York, which he cannot afford for much longer. On September 20, the defense asked Pretrial Services to approve Mr. Johnston to reside with his aunt, a surety on the bond, at her house in Sunnyvale, Texas until the parameters of the move to Oklahoma or Arkansas are resolved. The government advised that it would likely have no objection to this interim residence if approved by Pretrial.

Thank you for your consideration of this letter.

Respectfully Submitted,

_____/s/_____
Samuel Jacobson
Assistant Federal Defender

cc:   all counsel of record (by ECF)