EMR:TBM/MS
F. #2021R00359

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
\* FEBRUARY 28, 2025 \*
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

TYLER SCOTT JOHNSTON,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. <u>23-13 (S-1) (NRM)</u>
(T. 18, U.S.C., §§ 2241(a), 2241(c),
2242(1), 2253(a), 2253(b), 2422(b) and
3551 <u>et seq.</u>; T. 21, U.S.C., § 853(p))

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Aggravated Sexual Abuse of a Minor)

1.  In or about and between December 2019 and February 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant TYLER SCOTT JOHNSTON, within the territorial jurisdiction of the United States, did knowingly and intentionally cause an individual who had not yet attained the age of 12 years, to wit: Jane Doe, a minor individual whose identity is known to the Grand Jury, to engage in a sexual act, as defined in Title 18, United States Code, Section 2246(2).

(Title 18, United States Code, Sections 2241(c) and 3551 <u>et seq.</u>)

<u>COUNT TWO</u>
(Sexual Abuse by Threat or Fear)

2.  In or about and between December 2019 and April 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant TYLER SCOTT JOHNSTON, within the territorial jurisdiction of the United States, did knowingly and intentionally cause another individual, to wit: Jane Doe, to engage in a sexual act,

as defined in Title 18, United States Code, Section 2246(2), by threatening and placing Jane Doe in fear.

(Title 18, United States Code, Sections 2242(1) and 3551 et seq.)

## COUNT THREE
(Aggravated Sexual Abuse of a Minor)

3. In or about and between March 2020 and April 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant TYLER SCOTT JOHNSTON, within the territorial jurisdiction of the United States, did knowingly and intentionally cause an individual who had attained the age of 12 years but who had not attained the age of 16 years, and who was at least four years younger than the defendant, to wit: Jane Doe, to engage in a sexual act, as defined in Title 18, United States Code, Section 2246(2), by using force against Jane Doe.

(Title 18, United States Code, Sections 2241(c), 2241(a) and 3551 et seq.)

## COUNT FOUR
(Interstate Coercion and Enticement of a Minor)

4. In or about and between February 2021 and April 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant TYLER SCOTT JOHNSTON, using one or more facilities and means of interstate commerce, to wit: the Internet and telephonic text messaging, did knowingly and intentionally persuade, induce, entice and coerce an individual who had not yet attained the age of 18 years, to wit: Jane Doe, to engage in sexual activity for which any person could be charged with a criminal offense, to wit: violations of New York Penal Law Sections 130.30(1) (Rape in the Second Degree) and 130.60(2) (Sexual Abuse in the Second Degree), in that JOHNSTON used Internet-based telephonic messaging to entice, induce, coerce and persuade Jane Doe to engage in vaginal

sexual contact and sexual contact while the defendant was more than 18 years old and Doe was less than 14 years old.

(Title 18, United States Code, Sections 2422(b)) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

5. The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2253(a), which requires the forfeiture of (a) any visual depiction described in Section 2251, 2251A, 2252, 2252A, 2252B or 2260 of Title 18 of the United States Code, or any book, magazine, periodical, film, videotape or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of such sections; (b) any property, real or personal, constituting, or traceable to, gross profits or other proceeds obtained from such offenses; and (c) any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property.

6. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 2253(a) and 2253(b); Title 21, United States Code, Section 853(p))

A TRUE BILL

/s/
_____
FOREPERSON

*John J. Durham*
_____
JOHN J. DURHAM
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK