# Federal Defenders

## OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza -16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1204 Fax: (718) 855-0760

Tamara Giwa
*Executive Director and*
*Attorney-in-Chief*

*Eastern District of New York*
Michelle A. Gelernt
*Attorney-in-Charge*

March 19, 2025

By ECF and E-Mail
Honorable Nina R. Morrison
U.S. District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:    *United States v. Johnston*, 23 Cr. 13 (NRM)

Dear Judge Morrison,

We write in response to the government's March 18, 2025, letter (ECF No. 197) disclosing, in accordance with the Court's March 10, 2025 Order, further information regarding the government's review of, and reliance on, materials from the defendant's cellphone ("1B07") that clearly fell outside the scope of the search warrant.

*First, w*e respectfully request that the Court conduct *in camera* review of the grand jury minutes from January 2023 and February 2025. The government has disclosed that ████████████
████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████

*Second*, the government has not provided details of how and when it discovered that its agents had conducted an unlawful search of 1B07 and came to rely on certain fruits of that search ████
████████████ in its brief, but the facts it has provided raise additional concerns. The government does not explain why Agent Humphrey conducted a taint review of 1B07 in August to November 2022. Given that the phone had last been updated in 2017 and thus all of its contents were outside the warrant period, there was no need to identify privileged information on it. Was Agent Humphrey directed by the prosecution to conduct this taint review? And, as a practical matter, how would pornographic images come to be identified as part of a search for privileged material? The government also does not disclose whether the "Important" data from 1B07 shared with the case team in January 2023 included the dates of the data files, but one presumes it did. Thus, even if the government initially believed the "Important" data comprised responsive material seized pursuant to the Warrant, if the PDF of the items of interest included the access dates (from 2015-2017), the government would

have known the items were outside the search warrant as early as January 2023. ████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ██████████████████████ As to the most recent review and use of materials outside the search warrant, 3500 material for Agent Hampsch shows that the prosecution explicitly requested trial-ready extractions of the pornographic data in 1B07. The prosecution team received from Agent Hampsch, on February 10, 2025, a pdf entitled "Pornographic Images", with a cover email stating the images were found on 1B07. *See* 3500-AH-49, 53, 54 (attached as Exhibit A, under seal). That pdf clearly indicates the date each image was last accessed, beginning with image 1, on 9/10/2015 and ending with image 190, on 2/14/2016. *See* PDF file from 3500-AH-52 (attached as Exhibit B, under seal). The prosecution team was on notice of the dates of this data no later than February 10, 2025. Yet, it relied on this data explicitly in its February 21, 2025 reply brief, citing, by title, three videos from the Pornographic Images pdf, but providing no information in its filing about which phone was the source of those videos or the dates attributable to them. It was only when the defense asked the prosecution, on February 25, 2025, why it was relying on videos that appeared to be outside the scope of the warrant that the prosecution indicated it would not rely on these videos.

Finally, the defense will continue to consider what sanctions we believe are appropriate here. The government's "self-imposition of the most draconian sanction" (ECF No. 197, at 3) is far from that, because there appears to be nothing that was seized in the Premises Warrant (phones, computers and tablets with no responsive material) that it could have used at trial.

Respectfully submitted,
/s/

Deirdre D. von Dornum
Marissa Sherman
Federal Defenders of New York
(718) 330-1210

Cc:    Counsel of Record (by ECF)